**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VIRGIN RECORDS AMERICA, INC. ET AL., | : : : : **OPINION** : Plaintiffs, : : Civ. No. 08-4694 (WHW) v. : : DARIUS M. BAGAN, : : Defendant. : : |

**Walls, Senior District Judge**

Plaintiffs Virgin Records America, Inc., et al., move for default judgment, pursuant to Fed. R. Civ. P. 55(c), against Defendant Darius M. Bagan. Defendant has not answered nor responded to Plaintiffs' motion for default judgment. Pursuant to Fed. R. Civ. P. 78, the Court decides this motion without oral argument. The motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiffs Virgin Records America, Inc., Arista Records LLC, Elektra Entertainment Group Inc., Interscope Records, and Sony BMG Music Entertainment are "copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings ['Copyrighted Recordings'].[1]" (Compl. ¶ 11.) Plaintiffs have the

---

[1] The copyrighted songs at issue are: "Red Red Wine," on album "Labour of Love," by artist "UB40" (SR# 49-244); "Summer Girls," on album "LFO," by artist "LFO" (SR# 306-981); "Give Me One Reason," on album "New Beginning," by artist "Tracy Chapman" (SR# 188-489); "Wifey," on album "Welcome II Nextasy," by artist "Next" (SR# 284-980); "Marshall

**NOT FOR PUBLICATION**

exclusive right to reproduce and distribute the Copyrighted Recordings. (Id. ¶ 12.) On the album cover of each of the Copyrighted Recordings is a notice of copyright pursuant to 17 U.S.C. § 401. (Id. ¶ 17.)

Defendant Darius M. Bagan is a resident of Wallington, N.J. (Id. ¶ 9.) As of February 5, 2007, Defendant has allegedly downloaded and distributed to the public eight Copyrighted Recordings over a "peer-to-peer" ("P2P") file copying network called AresWarez, without Plaintiffs' permission or consent. (Id. ¶ 15.) Plaintiffs identified Defendant as responsible for the IP address used to download and distribute audio files over the network. (Id.) Plaintiffs allege that Defendant's actions were willful and intentional and "constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright." (Id. ¶¶ 15, 18.)

Plaintiffs filed their complaint on September 19, 2008. The summons and complaint were personally served upon Defendant at his home on January 6, 2009. (Decl. of Service.) Defendant has not answered nor appeared in this action to date. The Clerk of the Court entered default against Defendant on May 20, 2009. (Dkt. Entry No. 13.) Plaintiffs now move for default judgment.

## STANDARD OF REVIEW

Fed. R. Civ. P. 55(b)(2) governs a court's entry of default judgment. The party against whom default judgment is requested must have been properly served with process. See Local

---

Mathers," on album "The Marshall Mathers LP," by artist "Eminem" (SR# 287-944); "One Mic," on album "Stillmatic," by artist "Nas" (SR# 305-698); "Piano Man," on album "Piano Man," by artist "Billy Joel" (SR# N12214); "I Will Always Love You," on album "Bodyguard Soundtrack," by artist "Whitney Houston" (SR# 152-583).

**NOT FOR PUBLICATION**

<u>Union No. 98, Int'l Bd. Of Elec. Workers v. Cableco, Inc.</u>, No. 99-755, 1999 WL 269903, at *1 (E.D. Pa. Apr. 28, 1999).  Before default judgment may be entered by a court, the moving party must have obtained an entry of default pursuant to Fed. R. Civ. P. 55(a).  <u>See</u> 10A Wright, et al., Federal Practice & Procedure § 2682 (3d ed. 1998).  If a party seeks default judgment against a minor or an incompetent person, such default may be entered only if the minor or incompetent person is represented by a "general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2).  Before entering a default judgment, the plaintiff must file an affidavit with the court "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. app. § 521.

A party seeking default judgment is not entitled to such relief as a matter of right, even where the defendant was served with process and default has been noted pursuant to Fed. R. Civ. P. 55(a).  <u>See</u>, <u>e.g.</u>, <u>Cableco</u>, 1999 WL 269903 at *1 (citing <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1303 (3d Cir. 1995)).  The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred.  <u>See</u> <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1181 (3d Cir. 1984).  When considering a motion for default judgment, a court may consider the following factors: the potential amount of damages; whether issues of material fact or substantial public concern are implicated; whether the default is primarily technical; whether the moving party has been substantially prejudiced by the delay involved; whether the grounds for default are clearly established or in doubt; whether the default was attributable to good faith, mistake, or excusable neglect; and whether the court may later be obliged to set aside the default.  <u>See</u> <u>Franklin v. Nat'l Maritime Union of Am.</u>, No.

NOT FOR PUBLICATION

91-0480, 1991 WL 131182, at *1 (D.N.J. July 16, 1991) (citing 10 Wright, et al., Federal Practice & Procedure § 2685 (2d ed. 1983)).

Although a court should accept as true the well-pleaded factual allegations of the complaint, it need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 Wright, et al., Federal Practice & Procedure § 2688 (2d ed. 1983)). Consequently, before granting a default judgment, a court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Wright, et al., Federal Practice & Procedure § 2688 (3d ed. 1998)). A court must also "conduct its own inquiry 'in order to ascertain the amount of damages with reasonable certainty.'" Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs., No. 05-3143, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007) (quoting In re Indus. Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

## DISCUSSION

### 1. Entry of Default and Jurisdiction

Entry of default by the Clerk and valid service of process is a prerequisite to a default judgment motion. See Fed. R. Civ. P. 55(a). The Clerk entered default against Defendant Bagan on May 20, 2009. (Dkt. Entry No. 13.) The Court has personal jurisdiction over Defendant because he is a resident of New Jersey. The Court has subject matter jurisdiction pursuant to 28

NOT FOR PUBLICATION

U.S.C § 1338(a) which confers on district courts original jurisdiction over "any civil action arising under any Act of Congress relating to ... copyrights."

    **2.**     **Liability**

As noted, Defendant was personally served at his home with a summons and the complaint on January 6, 2009. (Decl. of Service.) Defendant is approximately 21 to 25 years old and is not an incompetent person nor serving in the military. (Id.; Decl. of Karen A. Confoy in Supp. of the Entry of Default J. ¶ 5.) As such, Defendant was validly served. Defendant was also served with this motion for default judgment on May 20, 2009. (Cert. of Serv.; Notice of Entry of Default by Clerk.) Defendant has had ample notice of the Complaint and of this motion but has chosen not to respond. Accordingly, the Court treats the allegations as to liability in the Complaint as true and admitted by Defendant. See Comdyne, 908 F.2d at 1149.

Plaintiffs' allegations are factually and legally sufficient to support its copyright infringement claim. To succeed on a claim of copyright infringement, each plaintiff must prove that: 1) it owned a valid copyright in the work allegedly infringed; and 2) defendant copied protected elements of that work. See Ford Motor Co. v. Summit Motor Products, 930 F.2d 277, 290 (3rd Cir. 1991) (citations omitted). A certificate of registration issued by the United States Copyright Office constitutes prima facie evidence of validity and ownership of the disputed material. See 17 U.S.C. § 410(c); see also Ford Motor Co., 930 F.2d at 290-91 (citing cases).

Plaintiffs aver that they are the "copyright owners or licensees of exclusive rights under United States copyright law" of the eight Copyrighted Recordings Defendant has downloaded and distributed. (Compl. ¶ 11.) The Register of Copyrights has issued a valid Certificate of

NOT FOR PUBLICATION

Copyright Registration for each of the Copyrighted Recordings. (Id.) Plaintiffs have met the first element.

As to the second element, courts have held that using P2P network software to download copyrighted recordings and distribute them over the network without permission of the copyright holder constitutes copyright infringement. See In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004) ("If the music is copyrighted, such swapping [of music files over the Internet], which involves making and transmitting a digital copy of the music, infringes copyright."); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001) (where individuals who used a P2P network to download and upload copyrighted music violated copyright holders' distribution and reproduction rights). By downloading the Copyrighted Recordings and distributing them to other users on the P2P network, Defendant has infringed Plaintiffs' copyrights on those recordings. Accepting these allegations as true, as the Court must, Plaintiffs have established grounds to impose liability on Defendant for copyright infringement.

### 3. Damages

Plaintiffs seek statutory damages for each of the infringed Copyrighted Recording under the Copyright Act. Although the only allegations in a complaint not treated as true upon consideration of a motion for default judgment are those pertaining to the amount of damages, see Comdyne, 908 F.2d at 1149, a further evidentiary inquiry is not necessary when damages are for a "sum certain or for a sum which can by computation be made certain," See Fed. R. Civ. P. 55(b)(1); KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003);

**NOT FOR PUBLICATION**

Comdyne, 908 F.2d at 1149.  A claim for damages is a sum certain when "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." KPS & Assocs., 318 F.3d at 19.  Sum certain situations include "actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." Id. at 19-20.

      The Copyright Act provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Plaintiffs do not have to prove actual damages to be entitled to statutory damages. See Axact (PVT), Ltd. v. Student Network Resources, Inc., No. 07-5491, 2008 U.S. Dist. LEXIS 86455, *6 (D.N.J. Oct. 20, 2008) (awarding maximum statutory damages on default judgment for defendants' counterclaims of copyright infringement of academic works and term papers) (citing Los Angeles News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998), cert. denied, 525 U.S. 1141, 119 S. Ct. 1032 (1999)).  Courts have also awarded statutory damages on a motion for default judgment.  Axact, at *6 (citing Warner Bros. Records, Inc., v. Novak, No. 06-5342, 2007 U.S. Dist. LEXIS 33967, *5-7 (D.N.J. May 9, 2007) (granting minimum statutory damages of $750 per infringement where defendant used an online media distribution system to download and distribute plaintiffs' copyrighted recordings without permission from the plaintiffs).

**NOT FOR PUBLICATION**

Here, Plaintiffs have pled damages in the amount of $750 per copyright infringement, the minimum statutory damages under the Copyright Act, for a total of $6,000.00.  (Pls' Br. at 3); 17 U.S.C. § 504(c).  Because damages asked for by Plaintiffs are for a sum certain set forth by the Copyright Act, no further evidentiary inquiry is necessary.  See 17 U.S.C. § 504(c); Fed. R. Civ. P. 55(b)(1); KPS & Assocs., 318 F.3d at 19; Comdyne, 908 F.2d at 1149.  The Court grants the minimum statutory damages of $750 per infringement.

### 4.     **Permanent Injunction**

Plaintiffs also seek an injunction "prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights."  (Compl. ¶ 20.)  Permanent injunctive relief to prevent or restrain copyright infringement is authorized under the Copyright Act.  See 17 U.S.C. § 502(a).  The Copyright Act further provides that "the court may order the destruction . . . of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights."  17 U.S.C. § 503(b).  This District has issued injunctive relief as part of a default judgment in a case much like this one where the defendant used an online media distribution system to download and distribute plaintiffs' copyrighted recordings without permission from the plaintiffs.  See Warner Bros., at *7-8 (finding that a permanent injunction enjoining defendant from infringing on plaintiffs' copyrighted sound recordings "is appropriate and reasonable given [d]efendant's continuing infringement on [p]laintiff's sound recordings, and [d]efendant's failure to respond"); see also Axact, at *7 (granting injunctive relief to defendants on default judgment of copyright infringement claims of academic works and term papers).  A plaintiff seeking a

NOT FOR PUBLICATION

permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391, 126 S. Ct. 1837 (2006).

     Here, Plaintiffs allege that an injunction is necessary because without it, Defendant "will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money." (Id. ¶ 20.)  Specifically, Plaintiffs assert that Defendant's conduct has exposed their recordings to "viral" infringement, which will continue unless an injunction is issued.  (Pls.' Br. at 8.)  Defendant was distributing 307 total audio files over the P2P network, which Plaintiffs allege has left their "sound recordings vulnerable to massive, repeated, near-instantaneous, and worldwide infringement . . . and available for further unlawful distribution by the users who download them." (Id. at 8.)  Furthermore, Plaintiffs claim that Defendant continues to download and distribute their recordings and that Defendant will not stop infringing upon their copyrights unless an injunction is issued, as "Defendant's failure to respond to the Complaint suggests that Defendant does not take seriously the illegality of the infringing activity." (Id. at 9; Compl. ¶ 15-16.)  Finally, Plaintiffs state that preventing copyright infringement is in the public interest because it "preserve[s] the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights." (Id. at 6 (quoting Atari, Inc. v. North Am. Philips Consumer Elec. Corp., 672 F.2d 607, 620 (7th Cir.), cert. denied, 459 U.S. 880, 103 S. Ct. 176 (1982))).

9

**NOT FOR PUBLICATION**

Plaintiffs have demonstrated that they have suffered an irreparable harm and that remedies at law are inadequate. A permanent injunction is appropriate as it will cause no greater harm to Defendant and such relief will be in the public interest. The Court grants Plaintiffs the requested injunctive relief.

      **a.**    **Costs**

Finally, Plaintiffs request an award of costs pursuant to 17 U.S.C. § 505. (Compl. ¶ 19.) Section 505 provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." Fed. R. Civ. P. 54(d)(1) also provides that "costs - other than attorney's fees - should be allowed to the prevailing party." Id. The Court will allow Plaintiffs to recover costs incurred to make this motion.

**CONCLUSION**

The Court grants Plaintiffs' motion for default judgment. Judgment is entered against Defendant for statutory damages in the amount of $6,000.00 and costs. Defendant is hereby prohibited from further infringing Plaintiffs' copyrights and ordered to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

                                                 **s/William H. Walls**
                                                United States Senior District Judge

**Appearances:**

Sterns & Weinroth, P.C.
50 West State Street, Suite 1400
Trenton, NJ 08607-2100
Attorney for Plaintiffs Virgin Records America, Inc. et al.